IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SIDNEY RAY SNELLINGS #2382954 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv119 |
| JUAN GARCIA, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Sidney Ray Snellings, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983 alleging violations of his constitutional rights in prison. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Court originally ordered Plaintiff to amend his complaint on March 15, 2023, upon observing that the original complaint did not "include any specific facts about particular actions by any of the named Defendants, when or where such actions occurred, or how Plaintiff was harmed by them." (Dkt. #5.) Plaintiff's first amended complaint was no better. The Court found that it asserted "wholly conclusory allegations of violations of various rights without any supporting facts." (Dkt. #15.) Accordingly, the Court ordered Plaintiff to amend a second time, specifically instructing him to "explain in detail how, when, and where his constitutional rights were allegedly violated, identify the defendants responsible for each violation, specify how each defendant personally violated his constitutional rights, explain how he was harmed or injured by those violations, and specify the relief he seeks from each defendant." (*Id.*) The Court explained

that "Plaintiff must say exactly what happened to him that violated his rights and how he was injured by it." (*Id.*)

Plaintiff's second amended complaint is now before the Court for review. (Dkt. #17.)

## I. Legal Standards and Preliminary Screening

Because Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). That statute provides for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief. Plaintiff's pleading is subject to the same screening by virtue of its being filed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* Particularly with regard to any claim that defendants have conspired to harm him, a plaintiff must plead specific, non-conclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (plaintiffs asserting conspiracy claims under Section 1983 must plead the operative facts on which their claim is based; bald allegations that a conspiracy existed are insufficient).

## II. Discussion and Analysis

Plaintiff has had three opportunities to plead his case, and he has consistently failed to allege any specific, coherent facts that would give any defendant notice of the basis for the claim against him or raise the possibility of any defendant's liability beyond the level of speculation. His second amended complaint consists entirely of boilerplate language, legalese, and conclusions without any specific facts or events to support them.

For example, on the first substantive page of his complaint, he alleges in a fashion that is representative of the entire pleading that Defendant Lopez engaged in "discriminatory racial hate, blackmail, overuse of authority under color of law . . . and discriminatory harassment, including

3

treating 'white' an[d] 'non-white' inmates differently, bias, prejudice, excluded benefits of rehabilitation programs . . . conspiracy against rights under color of law with intentional intent to misuse abusive authority with intent to prevent free exercise of rights participating in (grad) program gang renouncement and disassociation (grad) process." (Dkt. #17 at 4.)

The Court cannot discern in the pleading any specific action by Defendant Lopez or any other Defendant or any harm to Plaintiff. The pleading thus fails to satisfy the most basic pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which requires that complaints contain a short and plain statement of the claim showing that the pleader is entitled to relief. A short and plain statement of the claim is one that gives the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. Conclusion

For the reasons set forth above, Plaintiff's complaint is frivolous and fails to state a claim for which relief can be granted. Dismissal is appropriate where Plaintiff has already had a chance to cure his deficiencies but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 11th day of August, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE